Ruffin, C. J.
We are of opinion that his Honor rightly admitted the evidence. It is not a question about the admission of a stranger into the partnership, by one of the *145 partners, without consulting his companions; for there is no pretence that Arthur Reid was to become a partner, or entitled even to wages for his labor from the defendants.
The father was the partner, and he had become so by agreement with all the defendants; and the only question was, whether he had complied with his contract, so as to entitle him to a share of the gains, by sending a competent hand in his stead, as provided for on the agreement. The plaintiff says he did, and to establish it, he says the defendants themselves accepted the person he sent as a hand for him. It is surely evidence of the fact of acceptance, that the young man was engaged openly in the work, and that one of the defendants, from the deference due to his years, or superior skill, undertook to direct the operations of this person, for the common good: spoke of him as his father’s substitute, no one ati the time making objection to the hand, nor to the acts or declarations of the person thus assuming authority over the hand. Such circumstances tend, certainly, to show that all concerned recognised Arthur as the substitute of his father.
The Court therefore is satisfied with the result of the trial. It entitles the plaintiff to the decree he asks, and it must be referred to the Clerk, to take an account of the sum due to the plaintiff in the premises, and enquire which of the defendants holds the fond.
Decree accordingly.

 This cause was decided at-term, 1845, but omitted to be reported.